GREGORY ANTOLLINO
ATTORNEY AT LAW
588 BROADWAY, SUITE 904
NEW YORK, NEW YORK 10012
TEL (212) 334-7397    FAX (212) 334-7399

*RECEIVED IN CHAMBERS OF U.S.D.J. DEARIE*

*10/12/04*

October 8, 2004

Judge Raymond F. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*10/13/04*
*Referred to MJ Go*
*for appropriate resolution*
*or recommendation.*
*So ordered*

RE:    Norville v. Staten Island University Hospital CV 96 5222 (RFD)

Dear Judge Dearie:

As you may know, the Court of Appeals affirmed the judgment in its entirety in this case. The brief decision is attached as "Exhibit A" to the accompanying declaration. As you definitely know, my client is eager to get her money (as am I). Therefore, I have wasted no time in asking for you to vacate the stay of judgment pending appeal, award me attorneys fees for the appeal, awarding expense reimbursements for the appeal, and amending the judgment to reflect those amounts plus post-judgment interest.

Vacating the stay

There is no equitable reason for continuing the stay at this point, which Your Honor imposed over plaintiff's objection in December 2003. Defendant has had now many, many hearings on its argument that it should not be liable for plaintiff's termination, and it has lost at every juncture. Defendant may ask that you continue the stay pending in banc review and then a petition to the U.S. Supreme Court. If it does, I ask that you vacate the stay and allow it to request of those courts a stay. Now that the Second Circuit has heard and summarily disposed of the appeal in this case – in record time, in my experience -- it is highly unlikely that any court will reconsider defendants' arguments. In the remote contingency that they do, they will impose such stay as they may deem necessary.

Attorneys Fees on Appeal

It is well established that a prevailing plaintiff in a discrimination action is entitled to attorney's fees on appeal. Gierlinger v. Gleason, 160 F.3d 858, 883 n.115 (2d Cir. 1998), Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 101 n.23 (2d Cir. 1997); Cohen v. West Haven Board of Police Commissioners, 638 F.2d 496, 506 (2d Cir. 1980). This is true irrespective as to whether plaintiff lost certain claims on appeal. As the Second Circuit held in Gierlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998), if the plaintiff ultimately prevails on the merits in the litigation, he is considered the prevailing party for purposes of the litigation as a whole and thereby entitled to compensation for all work performed by his attorneys at all stages of the litigation reasonably undertaken in enforcing or defending the favorable merits judgment,

whether or not such efforts are entirely successful. In <u>Gierlinger</u>, the Court considered the compensability of services rendered by plaintiff's attorneys on an appeal following the first of three trials in the case, an appeal that produced only partial success because it resulted in reversal of a verdict against him but did not succeed in urging the court of appeals to grant him judgment as a matter of law. The Second Circuit took the broad view of the plaintiff's prevailing party status and awarded him full statutory fee compensation for all work done on the appeal because he ultimately obtained a favorable judgment on the merits of his claims:

> More importantly, a § 1983 plaintiff's eligibility for an award of fees under § 1988 does not depend on her success at interim stages of the litigation, but rather depends on the ultimate outcome of the litigation.... Plaintiff is a prevailing party in the litigation within the meaning of § 1988 if she has 'received actual relief on the merits of h[er] claim,' ... and she should not necessarily be denied fees for hours expended on interim stages of the case in which a ruling was made in favor of the party against whom she ultimately prevailed.... Since Gierlinger is the prevailing party in the litigation and the Giertinger I appeal turned out to be only an intermediate stage, the proper inquiry is not whether Gierlinger's efforts on the appeal itself were successful, but rather whether, in light of the circumstances of the litigation as a whole, those efforts were reasonable.

<u>Id</u>. at 880 (citing <u>Farrar v. Hobby</u>, 113 S. Ct. 566 (1992)). The Ninth Circuit anticipated this holding in when it held that

> Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning. The County would have us scalpel out attorney's fees for every setback, no matter how temporary, regardless of its relationship to the ultimate disposition of the case. This makes little sense.

<u>Cabrales v. County of Los Angeles</u>, 935 F.2d 1050, 1053 (9th Cir.1991). In this case, there were numerous procedural hurdles to jump over before reaching a final victory, and though plaintiff would have liked to have the entire six million dollar jury award, my strategy was to defend the case on the offense., By being the first to file an appeal on the court's reduction of damages, I was in the position (1) to control the timing in which the briefs would be filed, since I would file first; (2) to be the first to present plaintiff's evidence at both trials; and (3) to allow a court to "split the baby" so to speak, in order to preserve the judgment on appeal. In the end, plaintiff won a tremendous amount of money, notwithstanding her loss of the punitive damages, remittitur and interest claims. Her appeal was part and parcel of her strategy to defend the substantial judgment she won after six years of litigation.

The amount requested is over $31,927.50, which would be a quite reasonable amount even for an attorney simply defending an appeal. The defendants raised a total of eleven questions in their 83 brief, which required substantial preparation on my part.

I ask that the Court award me $275, the amount that I currently command on the open market for hourly paying clients. For work performed in 2000 and 2001 the Court awarded me only $225 per hour, but I respectfully request a raise. First, I could not understand why the Court

awarded me $25 an hour less than Glenn Greenwald, plaintiff's prior attorney. Glenn is an outstanding lawyer, but his qualifications are equal to mine in every respect except that I graduated law school one year earlier than him. We both were on <u>Law</u> <u>Review</u> at NYU, and we both worked at top firms for a year after our graduation there: Him at Wachtell, Lipton, and me at Weil, Gotshal. After that, we both went into private practice. Considering that the court awarded Glenn Greenwald $250 for work performed from the period 1996 through 2000, when he withdrew from the case, the court should award me $275 per hour for work performed from the period 2003 through 2004. Again, I have every bit as much experience as Glenn does, plus one year. Plus, I stuck with the case to its end, tried it three times and won. My requested rate is reasonable rate and I ask that the Court grant it. My breakdown of attorney's fees is attached as "Exhibit B" to the accompanying declaration.

<u>Expenses on Appeal</u>

Plaintiff also asks that the reasonable expenses she expended on appeal in the amount of $780.25 be reimbursed. This amount is prima facie reasonable, however receipts are attached to Exhibit C of the enclosed declaration.

<u>Post Judgment Interest and Final Entry of Amended Judgment</u>

The federal post judgment rate for this judgment is 1.39%. <u>See</u> Exhibit D to Antollino Dec. My calculation of the amount owed to plaintiff for roughly eleven months is $18,717.40. I ask that it be added to the judgment and a final judgment enter forthwith in the total amount of $1,520,417.59.

Sincerely,

Gregory Antollino

Cc:    Michael Volpe

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

WENDY NORVILLE,

          Plaintiff,

          -against-

STATEN ISLAND UNIVERSITY
HOSPITAL, INC.

          Defendant.

----------------------------------------------------------------X

RECEIVED
IN CHAMBERS OF
U.S.D.J. DEARIE
10/12/04

NOTICE OF
MOTION

Cv 99 5222 (RJD)

PLEASE TAKE NOTICE that pursuant to the applicable rules of civil procedure and of the Eastern District of New York, plaintiff will move before the Honorable Raymond J. Dearie, United States District Judge, as soon as counsel may be heard, for the following orders:

1.   Vacating the stay of judgment pending appeal;

2.   Awarding plaintiff an additional $31,927.50 for work performed in obtaining entry of judgment and on appeal; or

3.   Reimbursing plaintiff in the amount of 780.25 for expenses incurred in prosecuting the appeal;

4.   Amending the judgment to reflect said amount plus post-judgment interest at the rate of 1.39% annually in the total anticipated amount of $18,717.40; and

5.   Entering final judgment for plaintiff in the amount of $1,520,417.59;

6.   Directing defendant and or its insurance carrier to pay said amount to plaintiff's counsel forthwith for distribution to interested parties;

7.   Such other relief as may be just and proper.

Dated: New York, New York
       October 8, 2004

GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
588 Broadway, Suite 904
New York, NY 10012
(212) 334-7397

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**WENDY J. NORVILLE,**

               Plaintiff,

               -against-

**STATEN ISLAND UNIVERSITY HOSPITAL,**

               Defendant.
-----------------------------------------------------------------X

**DECLARATION**

CV 96 5222 (RJD)

      GREGORY ANTOLLINO, an attorney admitted to practice in this district and state, does hereby declare under penalties of perjury as follows:

1.    I represent plaintiff herein and make this declaration in furtherance to plaintiff's motion to vacate the stay of judgment, for additional attorney's fees and expense reimbursements, post-judgment interest, and for other relief. In the interest of expedience, I ask that the Court consider the arguments made in the attached letter for the relief requested.

2.    Attached hereto as Exhibit A is the Court of Appeals' summary order affirming the judgment in this case.

3.    Attached as Exhibit B is a detail of work performed on the appeal in this matter, which included writing two briefs in the amount of 50 and 75 pages, attending a conference, responding to a motion and making a motion concerning the parties' oversized briefs. A small portion of said work, approximately ten hours, was spent working on this motion, calculating interest on the judgment entered in November 2003 and opposing a defense motion to stay the judgment pending appeal without the necessity of filing a bond. All told, I ask for reimbursement in the amount of 116.1 hours, at a total of $31,927.50. This is a reasonable amount considering the issues at stake and considering the 84 page brief written by the defense, which raised a grand total of 11 issues on appeal.

4.  Attached as Exhibit C is a series of receipts that plaintiff incurred in the prosecution and defense of the appeal, which total the receipts are for copies, biding of brief and appendices, delivery charges of briefs and documents to this Court and the Court of Appeals.

5.  Finally, attached as Exhibit D is a print out of the t-bill rate for the week preceding the entry of judgment in this case. According to the records at federalreserve.gov, the rate on November 17 was 1.39%.

6.  For the reasons set forth in the attached letter, I ask that this motion be granted.

Dated:      New York, New York
            October 8, 2004


                                    _____
                                    GREGORY ANTOLLINO (GA 5950)
                                    588 Broadway. Suite 904
                                    New York, NY 10012
                                    (212) 334-7397

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO
THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION
OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE,
IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL
ESTOPPEL OR RES JUDICATA.

     At a stated term of the United States Court of Appeals for the Second Circuit,
held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of
New York, on the     day of     two thousand and four.

PRESENT:

     ROGER J. MINER
     JOSÉ A. CABRANES
     CHESTER J. STRAUB
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WENDY J. NORVILLE

     *Plaintiff-Appellant-Cross-Appellee,*

     -v.-                        Nos. 03-9293,
                                        04-0161

STATEN ISLAND UNIVERSITY HOSPITAL,

     *Defendant-Appellee-Cross-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPEARING FOR APPELLANT:**     GREGORY ANTOLLINO, New York, NY

**APPEARING FOR APPELLEE:**     MICHAEL J. VOLPE (Kevin J. McGill and
                              Jennifer M. Marrinan, *of counsel*), Clifton,
                              Budd & DeMaria, LLP, New York, NY

1
2       Appeal from a judgment of the United States District Court for the Eastern District of
3  New York (Raymond J. Dearie, *Judge*).
4
5       **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**
6  **AND DECREED** that the judgment of the District Court is **AFFIRMED.**
7

8       Plaintiff Wendy J. Norville appeals the judgment entered by the Court following a

9  jury verdict finding defendant Staten Island University Hospital ("SIUH") liable for its

10  termination of plaintiff's employment in violation of the Americans with Disabilities Act, 42

11  U.S.C. 12101, *et seq.* ("ADA"). This is not the first time these parties have appeared before

12  this Court regarding this dispute, and this order assumes familiarity with our earlier opinion

13  and the facts presented therein. *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89 (2d Cir.

14  1999).

15       When first before this Court, plaintiff appealed an order of the District Court that

16  entered a jury verdict in defendant's favor. *Id.* This Court vacated that verdict because the

17  District Court had failed adequately to instruct the jury on what would constitute a

18  "reasonable accommodation" under the ADA. *Id.* at 98-101.

19       Now having successfully argued her case to a jury with the appropriate jury

20  instruction, plaintiff challenges (1) the District Court's order vacating the jury's $5 million

21  punitive damages award; (2) the District Court's remittitur order reducing the jury's

22  compensatory damages award from $575,000 to $30,000; and (3) the District Court's

23  calculation of the prejudgment interest rate. Defendant cross-appeals and asks that we revisit

24  (1) the District Court's denial of defendant's Federal Rule of Civil Procedure Rule 50(b)

1   motion for judgment as a matter of law on the issue of defendant's liability; (2) the District

2   Court's entry of the jury's back-pay award; (3) the District Court's order awarding

3   plaintiff benefits time pay, front pay, and prejudgment interest; (4) the District Court's

4   seating of a juror over defendant's objection; and (5) certain evidentiary rulings of the

5   District Court.

6        We affirm the District Court's judgment in all respects.

7        As to defendant's Rule 50(b) motion for judgment as a matter of law on the issue of

8   defendant's liability, defendant argues that the District Court erred in upholding the jury's

9   verdict.  Principally, defendant contends that plaintiff was judicially estopped from claiming

10  that she would have been able to perform her job with reasonable accommodation because

11  plaintiff applied for, and received, benefits from a private disability insurance company,

12  receipt of which required plaintiff to check a box indicating that she was totally disabled.  The

13  Supreme Court rejected this line of argument in *Cleveland v. Policy Mgmt. Sys., Corp.*, 526 U.S.

14  795 (1999), and held that a plaintiff who receives disability benefits need only "explain why [a

15  statement of total disability made for the purpose of receiving disability benefits] is consistent

16  with her ADA claim that she could perform the essential functions of her previous job, at

17  least with reasonable accommodation." *Id.* at 798 (internal quotation marks omitted).  Here,

18  as the District Court found, plaintiff put forth a sufficient explanation by testifying at trial

19  that she could, with a reasonable accommodation, have performed the essential functions of a

20  radiology nurse, and "the juries were able to reconcile [the disability insurance records] with

21  plaintiff's position."

-3-

1    With respect to defendant's further contention that judgment as a matter of law in

2    SIUH's favor is still appropriate because plaintiff did not demonstrate that she was a

3    "qualified individual with a disability," the District Court has three times considered and

4    three times rejected this argument.  Since we likewise hold that the evidence plaintiff

5    presented at trial was legally sufficient to sustain the jury's conclusion that plaintiff was a

6    "qualified individual with a disability," *see Lyons v. Legal Aid Soc'y*, 68 F.3d 1512, 1515 (2d

7    Cir. 1995), we uphold the jury's finding and decline to overturn its verdict on appeal.

8    We also concur in the District Court's judgment that plaintiff did not present

9    sufficient evidence to support her contention that SIUH discriminated against her "with

10   malice or with reckless indifference" as required to sustain an award of punitive damages.

11   *Farris v. Instructional Sys., Inc.*, 259 F.3d 91, 101 (2d Cir. 2001) (quoting *Kolstad v. Am. Dental

12   Ass'n*, 527 U.S. 526, 529-30 (1999)).  And we further affirm the District Court's order

13   remitting the jury's compensatory damages award to $30,000.  We have reviewed the cases

14   plaintiff cites in support of her contention that she presented sufficient evidence of pain and

15   suffering at trial to warrant the jury's larger compensatory damages award, but do not find

16   that the facts and circumstances of this case similarly warrant such substantial damages.

17   We do, however, hold that plaintiff was entitled to, and appropriately awarded, back

18   pay, front pay, benefits pay, and prejudgment interest.  Because we hold that the District

19   Court did not abuse its discretion in applying the prejudgment interest rate provided by 28

20   U.S.C. 1961(a), we affirm that aspect of the judgment as well.

1        Finally, we hold that defendant's evidentiary and jury selection complaints are

2    without merit.

3                              *                    *                  *

4        We have considered the parties' claims and find each of them to be without merit.

5    The judgment of the District Court is therefore **AFFIRMED**.

6                                FOR THE COURT,

7                                Roseann B. MacKechnie, Clerk of Court

8

9

10

11                        By _Lucille Carr_____

Invoice submitted to:

Wendy Norville
20 Walloon Street
Staten Island, New York


October 8, 2004
#10001


|  |  | Hours | Amount |
|---|---|---|---|
| 11/11/03 | Organzing documents for appendix in anticipated appeal | 0.50 | 137.50 |
| 11/13/03 | starting appellate brief | 0.50 | 137.50 |
| 11/17/03 | calls to court and m volpe | 0.10 | 27.50 |
| 11/25/03 | notice of appeal and reseearch on state versus federal interest | 0.50 | 137.50 |
| 12/9/03 | filingh forms C&D for court of appeals, research bond issue and writing letter opposing defendants application to stay the judgment pending appeal, etc. | 2.30 | 632.50 |
| 12/18/03 | creating and filing index tor record on appeal for court of appeals | 2.20 | 605.00 |
| 2/11/04 | assembling plaintinff's appendix | 4.00 | 1,100.00 |
| 2/12/04 | plaintinff's brief on appeal, including researching cases and issues, drafting separate portions of brief, statement of facts, argument, etc. | 2.00 | 550.00 |

Wendy Norville
October 8, 2004

Page 2

|  |  | Hours | Amount |
|---|---|---|---|
| 2/13/04 | assembling appendix (1) plus preparing plaintinff's brief on appeal, including researching cases and issues, drafting separate portions of brief, statement of fac ts, argument, etc. (1.2) | 2.20 | 605.00 |
| 2/18/04 | conference with staff counsel, (1), appendix (2) and plaintiff's brief (1) | 4.00 | 1,100.00 |
| 2/20/04 | plaintinff's brief on appeal, including researching cases and issues, drafting separate portions of brief, statement of fac ts, argument, etc. | 1.00 | 275.00 |
| 2/24/04 | appx (.5) plaintinff's brief on appeal, including researching cases and issues, drafting separate portions of brief, statement of fac ts, argument, etc. (1) | 1.50 | 412.50 |
| 3/1/04 | plaintinff's brief on appeal, including researching cases and issues, drafting separate portions of brief, statement of fac ts, argument, etc. | 17.30 | 4,757.50 |
| 3/7/04 | plaintinff's brief on appeal, including researching cases and issues, drafting separate portions of brief, statement of fac ts, argument, etc. | 3.00 | 825.00 |
| 3/6/04 | plaintinff's brief on appeal, including researching cases and issues, drafting separate portions of brief, statement of fac ts, argument, etc. | 8.00 | 2,200.00 |
| 3/9/04 | finalizing plaintinff's brief on appeal, including researching cases and issues, drafting separate portions of brief, statement of fac ts, argument, etc.  (4)and arranging for service on Staten Island UH counsel (.5) | 4.50 | 1,237.50 |
| 4/19/04 | call client | 0.30 | 82.50 |
| 4/20/04 | reading defendant's brief and research of cases | 1.50 | 412.50 |

Wendy Norville                                                          Page 3
October 8, 2004

|            |                                                                                                                                                                                                                                                                                             | Hours  | Amount      |
|------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------|-------------|
| 4/21/04    | readings defendant's proposed supp appendix, calls to cousnel and lettters and call to staff counsel                                                                                                                                                                                           | 1.50   | 412.50      |
| 4/22/04    | writing and researching plaintinff's brief in opp to defendant's appeal to dismiss case, reduce damages                                                                                                                                                                                        | 3.10   | 852.50      |
| 4/23/04    | plaintiff's brief in opp                                                                                                                                                                                                                                                                        |        |             |
| 4/25/04    | plaintinff's opp brief                                                                                                                                                                                                                                                                          | 2.50   | 687.50      |
| 4/26/04    | brief in opp                                                                                                                                                                                                                                                                                    | 4.50   | 1,237.50    |
| 4/27/04    | brief in opp                                                                                                                                                                                                                                                                                    | 2.00   | 550.00      |
| 4/28/04    | brief in opp and call to opp. counsel                                                                                                                                                                                                                                                           | 6.10   | 1,677.50    |
| 4/29/04    | brief in opp                                                                                                                                                                                                                                                                                    | 6.00   | 1,650.00    |
| 5/2/04     | brief in opp                                                                                                                                                                                                                                                                                    | 2.00   | 550.00      |
| 9/20/04    | beginning prepariations for oral argument, including rereading transcripts, breif on both sides, reviewing materials in five volume appendix, and rereading cases                                                                                                                               | 15.30  | 4,207.50    |
| 10/4/04    | final days of preparation for oral argument, including prpeparing a statement, research as to new developments in the law since the filing of brief, research on judges appointed to the panel and decisions they ahve rendered in similar cases, pracitcing delivery, rereading brief and portions of transcript and key cases | 13.20  | 3,630.00    |
| 10/6/04    | appearing at oral argument and letter to client describing same                                                                                                                                                                                                                                | 2.00   | 550.00      |
| 10/8/04    | writing this motion, letter to client after receipt of court of appeals decision                                                                                                                                                                                                               | 2.50   | 687.50      |
|            | For professional services rendered                                                                                                                                                                                                                                                             | 116.10 | $31,927.50  |

# kinko's®

*For the appropriate*
**Payment Processing Center,**
*please refer to map on reverse.*

*Questions? Please call:*
**1-800-488-3705**
24 hours/7 days a week

| |
|---|
| Job ordered by: |
| Phone Number/Ext. |
| ( ) |
| **For Delivery Orders Only** |
| Deliver to: |
| Delivery Address: |
| City          State     ZIP |
| Delivered By: |
| **Person Accepting Delivery** |
| Name: |
| Position/Dept: |

I am an authorized agent of the company and my
signature authorizes the company to pay for all items
reflected on this invoice. I will provide all necessary
documentation to my company for them to process
payment. I acknowledge that my company has
received all items on this invoice.

**Authorized Signature**

*Name*



# PRINT MOR COPY SHOP

**640 Broadway    Lower Level**
**NEW YORK, NY 10012**
**212-777-7624**

HOURS
MONDAY-THURSDAY 9:00 - 7:00
FRIDAY 9:00 - 6:00
SATURDAY 11:00 - 5:00

total $ 245.50

NAME: Antolino

NUMBER:

DATE: 2/25/4

DUE:

| | # OF ORIGINALS | # OF COPIES | PRICE | AMOUNT |
|---|---|---|---|---|
| 81/2 X 11 | A6 | 506 | 3d | $ 15.18 |
| 81/2 X 14 | Bodi | 12 | $ 3.00 | $ 36.00 |
| COLOR PAPER | 376 | 376 | 5d | $ 10.80 |
| SPECIAL PAPER | 376 | 3760 | 3d | $ 112.80 |
| BOOKS | | | | |
| REDUCTION | | | | |
| FAX # OF PGS.  1 ST  2ND | | | SUBTOTAL | $ 182.78 |
| TAX EXEMPT #/ RESALE | | | TAX | $ 15.80 |
| | | | TOTAL | $ 198.60 |

SPECIAL INSTRUCTIONS

$ 198.60

# kinko's®

For the appropriate
**Payment Processing Center,**
please refer to map on reverse.

**Questions? Please call:**
**1-800-488-3705**

Job ordered by:

Phone Number/Ext.
(   )

## For Delivery Orders Only

Deliver to:

Delivery Address:

City                     State        ZIP

Delivered By:

## Person Accepting Delivery

Name:

Position/Dept.:

I am an authorized agent of the company and my
signature authorizes the company to pay for all items
reflected on this invoice. I will provide all necessary
documentation to my company for them to process
payment. I acknowledge that the company has
received all items on this invoice.

**Authorized Signature**

Print Name

Phone Number/Ext.
(   )

**Visit the Kinko's Website at**
**www.kinkos.com**

A062 SWEDA

(Rev. 4-90)

ORIGINAL

286267

RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK
at   BROOKLYN

Fund
6855XX   Deposit Funds
604700   Registry Funds
            General and Special Funds
508800   Immigration Fees
085000   Attorney Admission Fees
086900   Filing Fees
322340   Sale of Publications
322350   Copy Fees
322360   Miscellaneous Fees                     REG   11-25-03              00:54 PM
143500   Interest                               DRAWER 1                       126063
322380   Recoveries of Court Costs
322386   Restitution to U.S. Government                          1        #286267
121000   Conscience Fund
129900   Gifts                                  NOTICE OF APPEAL            $5.00
504100   Crime Victims Fund                     086900
613300   Unclaimed Monies                       DOCKET ON APPEAL          $250.00
510000   Civil Filing Fee (1/2)                 086900
510100   Registry Fee
                                                                 2No
CASE REFERENCE: 96 C V 5222                     CHARGE              $255.00

# 32

RECEIVED FROM
Gregory Antollino

RE: Notice of Appeal
Wendy J. Norville, V. St Univ. Hosp.
DEPUTY CLERK

Checks and drafts are accepted subject to collection and full
credit will only be given when the check or draft has been
accepted by the financial institution on which it was drawn.

**Fed**

| | |
|---|---|
| Invoice Date: | Oct 20, 2003 |
| Account Number: | 1941-5171-3 |
| Page: | 5 of 6 |

# FedEx Express Shipment Detail By Payor Type (Original)

---

**Dropped off: Sep 29, 2003**    **Payor: Shipper**    **Reference: NROVILLE**

---

- Fuel Surcharge - FedEx has applied a fuel surcharge of 3.50% to this shipment.
- Distance Based Pricing, Zone 2
- The amount due shown on the remittance advice reflects the invoice balance due and includes only those items still outstanding. Any payment which could be applied to a specific shipment has been credited to the appropriate activity summary enclosed. Payments and/or adjustments that could not be applied to a specific shipment have been credited against the total amount due on this invoice.
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.

InternetShip
| | | | |
|---|---|---|---|
| Tracking ID | 791015267815 | **Sender** | **Recipient** |
| Service Type | FedEx Standard Overnight | GREGORY ANTOLLINO | CLERK'S OFFICE |
| Package Type | FedEx Pak | ANTOLLINO, GREGORY, ESQ | SECOND CIRCUIT COURT OF APPEAL |
| Zone | 2 | 584 BROADWAY RM 904 | 40 CENTRE STREET |
| Packages | 1 | NEW YORK NY 10012-3229 US | NEW YORK NY 10007 US |
| Weight | 2.0 lbs, 0.9 kgs | | |
| Delivered | Sep 30, 2003 09:26 | Transportation Charge | 14.50 |
| Svc Area | A1 | Fuel Surcharge | 0.51 |
| Signed by | J.LOPEZ | **Total Charge** | |
| FedEx Use | 052078773/01283/_ | **USD$** | **15.01** |

---

**Picked up: Oct 08, 2003**    **Payor: Shipper**    **Reference: BROWN**

---

- Fuel Surcharge - FedEx has applied a fuel surcharge of 4.50% to this shipment.
- Distance Based Pricing, Zone 2
- The amount due shown on the remittance advice reflects the invoice balance due and includes only those items still outstanding. Any payment which could be applied to a specific shipment has been credited to the appropriate activity summary enclosed. Payments and/or adjustments that could not be applied to a specific shipment have been credited against the total amount due on this invoice.

InternetShip
| | | | |
|---|---|---|---|
| Tracking ID | 791689146878 | **Sender** | **Recipient** |
| Service Type | FedEx Standard Overnight | GREGORY ANTOLLINO | CAMILLE COPPOLA |
| Package Type | FedEx Envelope | ANTOLLINO, GREGORY, ESQ | BROOKLYN CRIMINAL COURT |
| Zone | 2 | 584 BROADWAY RM 904 | 120 SCHEMERHORN STREET |
| Packages | 1 | NEW YORK NY 10012-3229 US | BROOKLYN NY 11201 US |
| Weight | 1.0 lbs, 0.5 kgs | | |
| Delivered | Oct 09, 2003 10:02 | Transportation Charge | 11.25 |
| Svc Area | A2 | Fuel Surcharge | 0.51 |
| Signed by | R.VITUCCI | **Total Charge** | |
| FedEx Use | 052115991/00200/_ | **USD$** | **11.76** |



Invoice Number:  4-903-75492
Invoice Date:  Oct 20, 2003
Account Number:  1941-5171-3
Page:  4 of 5

## FedEx Express Shipment Detail By Payor Type (Original)

---

**Dropped off: Sep 22, 2003**     **Payor: Shipper**     **Reference: NO REFERENCE INFORMATION**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 3.50% to this shipment.
- Distance Based Pricing, Zone 2

| InternetShip | | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 791008074290 | GREGORY ANTOLLINO | SERVICO, INC. | |
| Service Type | FedEx Standard Overnight | ANTOLLINO, GREGORY, ESQ | 283 WASHINGTON AVE | |
| Package Type | FedEx Envelope | 584 BROADWAY RM 904 | ALBANY NY 12206 US | |
| Zone | 2 | NEW YORK NY 10012-3229 US | | |
| Packages | 1 | | | |
| Weight | 1.0 lbs, 0.5 kgs | | | |
| Delivered | Sep 23, 2003  09:40 | Transportation Charge | | 11.25 |
| Svc Area | A1 | Fuel Surcharge | | 0.39 |
| Signed by | D.CALANDRA | | | |
| FedEx Use | 520817460/00200/_ | **Total Charge** | **USD $** | **11.64** |

---

**Picked up: Sep 23, 2003**     **Payor: Shipper**     **Reference: NO REFERENCE INFORMATION**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 3.50% to this shipment.
- Distance Based Pricing, Zone 2
- FedEx has audited this shipment and corrected the ship date to reflect the actual date as scanned by our COSMOS electronic tracking system at the time we received your package for shipment.

| InternetShip | | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 791008050536 | GREGORY ANTOLLINO | HOWARD KREBS | |
| Service Type | FedEx Standard Overnight | ANTOLLINO, GREGORY, ESQ | 425 NORTHERN BOULEVARD, SUITE | |
| Package Type | FedEx Envelope | 584 BROADWAY RM 904 | GREAT NECK NY 11021 US | |
| Zone | 2 | NEW YORK NY 10012-3229 US | | |
| Packages | 1 | | | |
| Weight | 1.0 lbs, 0.5 kgs | | | |
| Delivered | Sep 24, 2003  13:06 | Transportation Charge | | 11.25 |
| Svc Area | AA | Fuel Surcharge | | 0.39 |
| Signed by | Y.CIPOLLA | Courier Pickup Charge | | 4.00 |
| FedEx Use | 520817020/00200/_ | **Total Charge** | **USD $** | **15.64** |

---

**Dropped off: Sep 29, 2003**     **Payor: Shipper**     **Reference: NROVILLE**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 3.50% to this shipment.
- Distance Based Pricing, Zone 2
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.

| InternetShip | | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 791015267815 | GREGORY ANTOLLINO | CLERK'S OFFICE | |
| Service Type | FedEx Standard Overnight | ANTOLLINO, GREGORY, ESQ. | SECOND CIRCUIT COURT OF APPEAL | |
| Package Type | FedEx Pak | 584 BROADWAY RM 904 | 40 CENTRE STREET | |
| Zone | 2 | NEW YORK NY 10012-3229 US | NEW YORK NY 10007 US | |
| Packages | 1 | | | |
| Weight | 2.0 lbs, 0.9 kgs | | | |
| Delivered | Sep 30, 2003  09:26 | Transportation Charge | | 14.50 |
| Svc Area | A1 | Fuel Surcharge | | 0.51 |
| Signed by | J.LOPEZ | | | |
| FedEx Use | 520787731/01283/_ | **Total Charge** | **USD $** | **15.01** |



**DART COURIER SERVICE**



116 East 16th Street, New York, New York 10003   Telephone: 212. 529. 6000   Facsimile: 212. 529. 5080

BILL TO:

| INVOICE PERIOD | |
|---|---|
| FROM | TO |
| 5/03/04 | 5/15/04 |
| INV. NO. | ACCT. |
| 075482 | 4810 |

## ★ ★ ★ CURRENT DELIVERIES ★ ★ ★

DELIVER TO: COURT OF APPEAL, 44 CENTRE ST, NEW YORK, NY — TOTAL: 9.95

DELIVER TO: GOAVER, 100 WILLIAM ST, NEW YORK, NY — TOTAL: 9.95

TOTAL OUTSTANDING BALANCE   5/03/04   9.95

| TOTAL CURRENT | |
|---|---|
| | 19.90 |

**PLEASE PAY THIS AMOUNT →**
AND RETURN 1 COPY OF THIS INVOICE WITH YOUR PAYMENT

29.85

TERMS NET 10 DAYS

# Fed

Invoice Number:    1-996-94129
Invoice Date:      Dec 15, 2003
Account Number:    1941-5171-3
Page:              5 of 7

## FedEx Express Shipment Detail By Payor Type (Original)

---

**Picked up: Dec 04, 2003**          **Payor: Shipper**          **Reference: NO REFERENCE INFORMATION**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 4.00% to this shipment.
- Distance Based Pricing, Zone 2

| InternetShip | | Sender | Recipient |
|---|---|---|---|
| Tracking ID | 791082189516 | GREGORY ANTOLLINO | GEORGE AIRDAY |
| Service Type | FedEx Priority Overnight | ANTOLLINO, GREGORY, ESQ | CITY MARSHAL |
| Package Type | FedEx Envelope | 584 BROADWAY RM 904 | 5720A MOSHOLU AVENUE |
| Zone | 2 | NEW YORK NY 10012-3229 US | BRONX NY 10471 US |
| Packages | 1 | | |
| Weight | 1.0 lbs, 0.5 kgs | | |

| | | |
|---|---|---:|
| Transportation Charge | | 13.80 |
| Fuel Surcharge | | 0.55 |
| **Total Charge** | **USD $** | **14.35** |

Delivered     Dec 05, 2003  09:18
Svc Area      A2
Signed by     C.MCKIERNAN
FedEx Use     528676621/00186/_

---

**Dropped off: Dec 09, 2003**          **Payor: Shipper**          **Reference: NPRVILLE**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 4.00% to this shipment.
- Distance Based Pricing, Zone 2

| InternetShip | | Sender | Recipient |
|---|---|---|---|
| Tracking ID | 790986070910 | GREGORY ANTOLLINO | CLERK OF COURT |
| Service Type | FedEx Standard Overnight | ANTOLLINO, GREGORY, ESQ | US DISTRICT COURT EDNY |
| Package Type | FedEx Envelope | 584 BROADWAY RM 904 | 225 CADMAN PLAZA EAST |
| Zone | 2 | NEW YORK NY 10012-3229 US | BROOKLYN NY 11201 US |
| Packages | 1 | | |
| Weight | 1.0 lbs, 0.5 kgs | | |

| | | |
|---|---|---:|
| Transportation Charge | | 11.25 |
| Fuel Surcharge | | 0.45 |
| **Total Charge** | **USD $** | **11.70** |

Delivered     Dec 10, 2003  10:46
Svc Area      A2
Signed by     M.VERTIS
FedEx Use     529225050/00200/_

---

**Dropped off: Dec 09, 2003**          **Payor: Shipper**          **Reference: NORVILLE**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 4.00% to this shipment.
- Distance Based Pricing, Zone 2

| InternetShip | | Sender | Recipient |
|---|---|---|---|
| Tracking ID | 791730458930 | GREGORY ANTOLLINO | COURT OF APPEALS |
| Service Type | FedEx Standard Overnight | ANTOLLINO, GREGORY, ESQ | CLERK, 2D CIRCUIT |
| Package Type | FedEx Envelope | 584 BROADWAY RM 904 | 40 CENTRE STREET |
| Zone | 2 | NEW YORK NY 10012-3229 US | NEW YORK NY 10007 US |
| Packages | 1 | | |
| Weight | 1.0 lbs, 0.5 kgs | | |

| | | |
|---|---|---:|
| Transportation Charge | | 11.25 |
| Fuel Surcharge | | 0.45 |
| **Total Charge** | **USD $** | **11.70** |

Delivered     Dec 10, 2003  09:33
Svc Area      A1
Signed by     J.LOPEZ
FedEx Use     529275230/00200/_

Federal Reserve Statistical Release



H.15

# Selected Interest Rates

*Release Date: November 17, 2003*
Release dates | Daily update | Historical data | About
**Current release**  *Other formats:* Screen reader | ASCII | PDF (17 KB)

FEDERAL RESERVE STATISTICAL RELEASE

H.15 (519)                                                                For immediate release
                                                                          November 17, 2003

SELECTED INTEREST RATES
Yields in percent per annum

| Instruments | 2003 Nov 10 | 2003 Nov 11 | 2003 Nov 12 | 2003 Nov 13 | 2003 Nov 14 | Week Ending Nov 14 | Week Ending Nov 7 | 2003 Oct |
|---|---|---|---|---|---|---|---|---|
| Federal funds (effective) 1 2 3 | 0.99 | 0.99 | 1.00 | 0.99 | 0.98 | 0.99 | 1.01 | 1.01 |
| Commercial paper 3 4 5 6 | | | | | | | | |
| Nonfinancial | | | | | | | | |
| 1-month | 1.07 | | 1.01 | 1.01 | 1.01 | 1.03 | 1.02 | 1.02 |
| 2-month | 1.05 | | 1.07 | 1.04 | 1.07 | 1.06 | 1.03 | 1.02 |
| 3-month | 1.03 | | 1.08 | 1.06 | 1.05 | 1.06 | 1.05 | 1.05 |
| Financial | | | | | | | | |
| 1-month | 1.04 | | 1.04 | 1.02 | 1.03 | 1.03 | 1.03 | 1.03 |
| 2-month | 1.05 | | 1.05 | 1.07 | 1.06 | 1.06 | 1.06 | 1.04 |
| 3-month | 1.08 | | 1.08 | 1.08 | 1.08 | 1.08 | 1.09 | 1.06 |
| CDs (secondary market) 3 7 | | | | | | | | |
| 1-month | 1.06 | | 1.06 | 1.06 | 1.05 | 1.06 | 1.06 | 1.06 |
| 3-month | 1.12 | | 1.12 | 1.11 | 1.12 | 1.12 | 1.11 | 1.10 |
| 6-month | 1.20 | | 1.20 | 1.19 | 1.17 | 1.19 | 1.17 | 1.14 |
| Eurodollar deposits (London) 3 8 | | | | | | | | |
| 1-month | 1.04 | | 1.04 | 1.04 | 1.04 | 1.04 | 1.04 | 1.05 |
| 3-month | 1.10 | | 1.12 | 1.12 | 1.09 | 1.11 | 1.10 | 1.09 |
| 6-month | 1.18 | | 1.19 | 1.20 | 1.16 | 1.18 | 1.17 | 1.13 |
| Bank prime loan 2 3 9 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 |
| Discount window primary credit 2 10 | 2.00 | 2.00 | 2.00 | 2.00 | 2.00 | 2.00 | 2.00 | 2.00 |
| U.S. government securities | | | | | | | | |
| Treasury bills (secondary market) 3 4 | | | | | | | | |
| 4-week | 0.90 | | 0.90 | 0.89 | 0.90 | 0.90 | 0.94 | 0.89 |
| 3-month | 0.95 | | 0.93 | 0.92 | 0.93 | 0.93 | 0.94 | 0.92 |
| 6-month | 1.05 | | 1.04 | 1.02 | 1.02 | 1.03 | 1.03 | 1.00 |
| Treasury constant maturities 11 | | | | | | | | |
| 1-month | 0.92 | | 0.92 | 0.91 | 0.92 | 0.92 | 0.96 | 0.91 |
| 3-month | 0.97 | | 0.95 | 0.94 | 0.95 | 0.95 | 0.96 | 0.94 |
| 6-month | 1.07 | | 1.06 | 1.04 | 1.04 | 1.05 | 1.05 | 1.02 |
| 1-year | 1.39 | | 1.39 | 1.33 | 1.31 | 1.36 | 1.35 | 1.25 |
| 2-year | 2.06 | | 2.05 | 1.92 | 1.84 | 1.97 | 1.95 | 1.75 |
| 3-year | 2.63 | | 2.59 | 2.45 | 2.36 | 2.51 | 2.49 | 2.26 |
| 5-year | 3.49 | | 3.45 | 3.29 | 3.19 | 3.36 | 3.37 | 3.19 |
| 7-year | 4.00 | | 3.95 | 3.79 | 3.70 | 3.86 | 3.90 | 3.75 |
| 10-year | 4.49 | | 4.44 | 4.30 | 4.22 | 4.36 | 4.41 | 4.29 |
| 20-year | 5.34 | | 5.29 | 5.16 | 5.10 | 5.22 | 5.27 | 5.21 |
| Treasury long-term average (25 years and above) 12 13 | 5.36 | | 5.31 | 5.19 | 5.14 | 5.25 | 5.29 | 5.24 |
| Interest rate swaps 14 | | | | | | | | |
| 1-year | 1.59 | | 1.59 | 1.53 | 1.47 | 1.54 | 1.54 | 1.42 |
| 2-year | 2.35 | | 2.36 | 2.26 | 2.15 | 2.28 | 2.28 | 2.08 |
| 3-year | 2.99 | | 2.98 | 2.87 | 2.75 | 2.90 | 2.91 | 2.69 |
| 4-year | 3.47 | | 3.46 | 3.35 | 3.22 | 3.38 | 3.39 | 3.19 |
| 5-year | 3.85 | | 3.84 | 3.73 | 3.58 | 3.75 | 3.78 | 3.60 |
| 7-year | 4.37 | | 4.36 | 4.26 | 4.11 | 4.27 | 4.30 | 4.17 |
| 10-year | 4.85 | | 4.84 | 4.75 | 4.62 | 4.76 | 4.80 | 4.70 |
| 30-year | 5.55 | | 5.54 | 5.46 | 5.36 | 5.48 | 5.50 | 5.47 |
| Corporate bonds | | | | | | | | |
| Moody's seasoned | | | | | | | | |
| Aaa 15 | 5.81 | | 5.75 | 5.64 | 5.59 | 5.70 | 5.74 | 5.70 |
| Baa | 6.82 | | 6.77 | 6.65 | 6.59 | 6.71 | 6.75 | 6.73 |
| State & local bonds 16 | | | | 4.77 | | 4.77 | 4.83 | 4.89 |
| Conventional mortgages 17 | | | | | 6.03 | 6.03 | 5.98 | 5.95 |