**MANDATE**

EDNY/BKNY
96-CV-5222
Dearie
Go

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 8th day of October two thousand and four.

PRESENT:

    ROGER J. MINER
    JOSÉ A. CABRANES
    CHESTER J. STRAUB
    *Circuit Judges.*

------------------------------------------------x

WENDY J. NORVILLE

    *Plaintiff-Appellant-Cross-Appellee,*

    -v.-                                    Nos. 03-9293,
                                                      04-0161

STATEN ISLAND UNIVERSITY HOSPITAL,

    *Defendant-Appellee-Cross-Appellant.*

------------------------------------------------x

APPEARING FOR APPELLANT:    GREGORY ANTOLLINO, New York, NY

APPEARING FOR APPELLEE:    MICHAEL J. VOLPE (Kevin J. McGill and Jennifer M. Marrinan, *of counsel*), Clifton, Budd & DeMaria, LLP, New York, NY

*Stamps:* FILED OCT 08 2004, Roseann B. MacKachnie, CLERK, SECOND CIRCUIT; FILED IN CLERK'S OFFICE U.S. DISTRICT COURT, E.D.N.Y., MAR 1 2005, BROOKLYN OFFICE

A TRUE COPY
Roseann B. MacKechnie, CLERK
by /s/ Deputy Clerk

-1-

ISSUED AS MANDATE: 2/24/05

Appeal from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Wendy J. Norville appeals the judgment entered by the Court following a jury verdict finding defendant Staten Island University Hospital ("SIUH") liable for its termination of plaintiff's employment in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.* ("ADA"). This is not the first time these parties have appeared before this Court regarding this dispute, and this order assumes familiarity with our earlier opinion and the facts presented therein. *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89 (2d Cir. 1999).

When first before this Court, plaintiff appealed an order of the District Court that entered a jury verdict in defendant's favor. *Id.* This Court vacated that verdict because the District Court had failed adequately to instruct the jury on what would constitute a "reasonable accommodation" under the ADA. *Id.* at 98-101.

Now having successfully argued her case to a jury with the appropriate jury instruction, plaintiff challenges (1) the District Court's order vacating the jury's $5 million punitive damages award; (2) the District Court's remittitur order reducing the jury's compensatory damages award from $575,000 to $30,000; and (3) the District Court's calculation of the prejudgment interest rate. Defendant cross-appeals and asks that we revisit (1) the District Court's denial of defendant's Federal Rule of Civil Procedure Rule 50(b)

1  motion for judgment as a matter of law on the issue of defendant's liability; (2) the District

2  Court's entry of the jury's back-pay award; (3) the District Court's order awarding

3  plaintiff benefits time pay, front pay, and prejudgment interest; (4) the District Court's

4  seating of a juror over defendant's objection; and (5) certain evidentiary rulings of the

5  District Court.

6  We affirm the District Court's judgment in all respects.

7  As to defendant's Rule 50(b) motion for judgment as a matter of law on the issue of

8  defendant's liability, defendant argues that the District Court erred in upholding the jury's

9  verdict. Principally, defendant contends that plaintiff was judicially estopped from claiming

10 that she would have been able to perform her job with reasonable accommodation because

11 plaintiff applied for, and received, benefits from a private disability insurance company,

12 receipt of which required plaintiff to check a box indicating that she was totally disabled. The

13 Supreme Court rejected this line of argument in *Cleveland v. Policy Mgmt. Sys., Corp.*, 526 U.S.

14 795 (1999), and held that a plaintiff who receives disability benefits need only "explain why [a

15 statement of total disability made for the purpose of receiving disability benefits] is consistent

16 with her ADA claim that she could perform the essential functions of her previous job, at

17 least with reasonable accommodation." *Id.* at 798 (internal quotation marks omitted). Here,

18 as the District Court found, plaintiff put forth a sufficient explanation by testifying at trial

19 that she could, with a reasonable accommodation, have performed the essential functions of a

20 radiology nurse, and "the juries were able to reconcile [the disability insurance records] with

21 plaintiff's position."

1   With respect to defendant's further contention that judgment as a matter of law in
2   SIUH's favor is still appropriate because plaintiff did not demonstrate that she was a
3   "qualified individual with a disability," the District Court has three times considered and
4   three times rejected this argument. Since we likewise hold that the evidence plaintiff
5   presented at trial was legally sufficient to sustain the jury's conclusion that plaintiff was a
6   "qualified individual with a disability," see Lyons v. Legal Aid Soc'y, 68 F.3d 1512, 1515 (2d
7   Cir. 1995), we uphold the jury's finding and decline to overturn its verdict on appeal.

8   We also concur in the District Court's judgment that plaintiff did not present
9   sufficient evidence to support her contention that SIUH discriminated against her "with
10  malice or with reckless indifference" as required to sustain an award of punitive damages.
11  Farris v. Instructional Sys., Inc., 259 F.3d 91, 101 (2d Cir. 2001) (quoting Kolstad v. Am. Dental
12  Ass'n, 527 U.S. 526, 529-30 (1999)). And we further affirm the District Court's order
13  remitting the jury's compensatory damages award to $30,000. We have reviewed the cases
14  plaintiff cites in support of her contention that she presented sufficient evidence of pain and
15  suffering at trial to warrant the jury's larger compensatory damages award, but do not find
16  that the facts and circumstances of this case similarly warrant such substantial damages.

17  We do, however, hold that plaintiff was entitled to, and appropriately awarded, back
18  pay, front pay, benefits pay, and prejudgment interest. Because we hold that the District
19  Court did not abuse its discretion in applying the prejudgment interest rate provided by 28
20  U.S.C. 1961(a), we affirm that aspect of the judgment as well.

Finally, we hold that defendant's evidentiary and jury selection complaints are without merit.

\*  \*  \*

We have considered the parties' claims and find each of them to be without merit. The judgment of the District Court is therefore **AFFIRMED**.

FOR THE COURT,

Roseann B. MacKechnie, Clerk of Court

By *Lucille Carr*